AO 245B     (Rev. 09/17) Judgment in a Criminal Case
                Sheet 1

# UNITED STATES DISTRICT COURT
## Middle District of Georgia

| UNITED STATES OF AMERICA | ) | **JUDGMENT IN A CRIMINAL CASE** |
|---|---|---|
| **v.** | ) | |
| KENNETH VERNON HUTTO | ) | Case Number: 7:18-CR-00007-HL-TQL(1) |
| | ) | USM Number: 13434-171 |
| | ) | FEDERAL DEFENDERS MIDDLE DISTRICT OF GEORGIA INC, Tim Saviello |
| | | Defendant's Attorney |

**THE DEFENDANT:**

☒ pleaded guilty to count(s)   1ss and 2ss

☐ pleaded nolo contendere to count(s)
which was accepted by the court.

☐ was found guilty on count(s)
after a plea of not guilty.

The defendant is adjudicated guilty of these offenses:

| **Title & Section / Nature of Offense** | **Offense Ended** | **Count** |
|---|---|---|
| 18:2421(a) Transportation For Prostitution | 06/13/2017 | 1ss |
| 18:2421(a) Transportation For Prostitution | 02/13/2018 | 2ss |

    The defendant is sentenced as provided in pages 2 through   7   of this judgment. The sentence is imposed pursuant to the Sentencing Reform Act of 1984.

☐ The defendant has been found not guilty on count(s)

☐ Count(s)  ☐ is  ☐ are dismissed on the motion of the United States.

    It is ordered that the defendant must notify the United States attorney for this district within 30 days of any change of name, residence, or mailing address until all fines, restitution, costs, and special assessments imposed by this judgment are fully paid. If ordered to pay restitution, the defendant must notify the court and United States attorney of material changes in economic circumstances.

October 23, 2019
Date of Imposition of Judgment

s/ Hugh Lawson
Signature of Judge

HUGH LAWSON, SENIOR UNITED STATES DISTRICT JUDGE
Name and Title of Judge

October 31, 2019
Date

AO 245B    (Rev. 09/17) Judgment in Criminal Case
         Sheet 2 — Imprisonment

|  |  |
|---|---|
| DEFENDANT: | KENNETH VERNON HUTTO |
| CASE NUMBER: | 7:18-CR-00007-HL-TQL(1) |

Judgment — Page 2 of 7

## IMPRISONMENT

The defendant is hereby committed to the custody of the United States Bureau of Prisons to be imprisoned for a total term of:   one hundred twenty (120) months as to count 1ss; thirty (30) months as to count 2ss terms to run concurrent for a total imprisonment of one hundred twenty (120) months.

☒ The court makes the following recommendations to the Bureau of Prisons: **That the Defendant be allowed to participate in RDAP while incarcerated.**

☒ The defendant is remanded to the custody of the United States Marshal.

☐ The defendant shall surrender to the United States Marshal for this district:

    ☐ at _____ ☐ a.m. ☐ p.m. on _____ .

    ☐ as notified by the United States Marshal.

☐ The defendant shall surrender for service of sentence at the institution designated by the Bureau of Prisons:

    ☐ before 2 p.m. on _____ .

    ☐ as notified by the United States Marshal.

    ☐ as notified by the Probation or Pretrial Services Office.

## RETURN

I have executed this judgment as follows:

Defendant delivered on _____ to _____

at _____ , with a certified copy of this judgment.

_____
UNITED STATES MARSHAL

By _____
DEPUTY UNITED STATES MARSHAL

AO 245B (Rev. 09/17) Judgment in a Criminal Case
Sheet 3 — Supervised Release

Judgment—Page __3__ of __7__

DEFENDANT: KENNETH VERNON HUTTO
CASE NUMBER: 7:18-CR-00007-HL-TQL(1)

# SUPERVISED RELEASE

Upon release from imprisonment, the defendant shall be on supervised release for a term of:  twenty (20) years each count concurrent.

# MANDATORY CONDITIONS

1. You must not commit another federal, state or local crime.
2. You must not unlawfully possess a controlled substance.
3. You must refrain from any unlawful use of a controlled substance. You must submit to one drug test within 15 days of release from imprisonment and at least two periodic drug tests thereafter, as determined by the court.
   - ☐ The above drug testing condition is suspended, based on the court's determination that you pose a low risk of future substance abuse. (*check if applicable*)
4. ☐ You must make restitution in accordance with 18 U.S.C. §§ 3663 and 3663A or any other statute authorizing a sentence of restitution.  (*check if applicable*)
5. ☒ You must cooperate in the collection of DNA as directed by the probation officer. (*check if applicable*)
6. ☒ You must comply with the requirements of the Sex Offender Registration and Notification Act (34 U.S.C. § 20901, *et seq*.) as directed by the probation officer, the Bureau of Prisons, or any state sex offender registration agency in which you reside, work, are a student, or were convicted of a qualifying offense. (*check if applicable*)
7. ☐ You must participate in an approved program for domestic violence. (*check if applicable*)

You must comply with the standard conditions that have been adopted by this court as well as with any other conditions on the attached page.

AO 245B (Rev. 09/17) Judgment in a Criminal Case
Sheet 3A — Supervised Release

Judgment—Page 4 of 7

DEFENDANT: KENNETH VERNON HUTTO
CASE NUMBER: 7:18-CR-00007-HL-TQL(1)

# STANDARD CONDITIONS OF SUPERVISION

As part of your supervised release, you must comply with the following standard conditions of supervision. These conditions are imposed because they establish the basic expectations for your behavior while on supervision and identify the minimum tools needed by probation officers to keep informed, report to the court about, and bring about improvements in your conduct and condition.

1. You must report to the probation office in the federal judicial district where you are authorized to reside within 72 hours of your release from imprisonment, unless the probation officer instructs you to report to a different probation office or within a different time frame.
2. After initially reporting to the probation office, you will receive instructions from the court or the probation officer about how and when you must report to the probation officer, and you must report to the probation officer as instructed.
3. You must not knowingly leave the federal judicial district where you are authorized to reside without first getting permission from the court or the probation officer.
4. You must answer truthfully the questions asked by your probation officer.
5. You must live at a place approved by the probation officer. If you plan to change where you live or anything about your living arrangements (such as the people you live with), you must notify the probation officer at least 10 days before the change. If notifying the probation officer in advance is not possible due to unanticipated circumstances, you must notify the probation officer within 72 hours of becoming aware of a change or expected change.
6. You must allow the probation officer to visit you at any time at your home or elsewhere, and you must permit the probation officer to take any items prohibited by the conditions of your supervision that he or she observes in plain view.
7. You must work full time (at least 30 hours per week) at a lawful type of employment, unless the probation officer excuses you from doing so. If you do not have full-time employment you must try to find full-time employment, unless the probation officer excuses you from doing so. If you plan to change where you work or anything about your work (such as your position or your job responsibilities), you must notify the probation officer at least 10 days before the change. If notifying the probation officer at least 10 days in advance is not possible due to unanticipated circumstances, you must notify the probation officer within 72 hours of becoming aware of a change or expected change.
8. You must not communicate or interact with someone you know is engaged in criminal activity. If you know someone has been convicted of a felony, you must not knowingly communicate or interact with that person without first getting the permission of the probation officer.
9. If you are arrested or questioned by a law enforcement officer, you must notify the probation officer within 72 hours.
10. You must not own, possess, or have access to a firearm, ammunition, destructive device, or dangerous weapon (i.e., anything that was designed, or was modified for, the specific purpose of causing bodily injury or death to another person such as nunchakus or tasers).
11. You must not act or make any agreement with a law enforcement agency to act as a confidential human source or informant without first getting the permission of the court.
12. If the probation officer determines that you pose a risk to another person (including an organization), the probation officer may require you to notify the person about the risk and you must comply with that instruction. The probation officer may contact the person and confirm that you have notified the person about the risk.
13. You must follow the instructions of the probation officer related to the conditions of supervision.

## U.S. Probation Office Use Only

A U.S. probation officer has instructed me on the mandatory standard and any special conditions specified by the court and has provided me with a written copy of this judgment containing these conditions. I understand additional information regarding these conditions is available at the www.gamd.uscourts.gov.

Defendant's Signature _____ Date _____
USPO Officer's Signature _____ Date _____

AO 245B    (Rev. 09/17) Judgment in a Criminal Case
           Sheet 3D — Supervised Release

Judgment—Page 5 of 7

DEFENDANT: KENNETH VERNON HUTTO
CASE NUMBER: 7:18-CR-00007-HL-TQL(1)

## SPECIAL CONDITIONS OF SUPERVISION

You shall participate in a program of drug and alcohol testing and treatment.  The U.S. Probation Office shall administratively supervise your participation in the program by approving the program, administering the testing, and supervising the treatment.  You shall contribute to the costs of such treatment not to exceed an amount determined reasonable by the court approved "U.S. Probation Office's Sliding Scale for Services", and shall cooperate in securing any applicable third-party payment, such as insurance or Medicaid.

You shall not have contact with the victim by any means, including in person, by mail, email, telephone, text messaging, or other electronic means, or via third parties.  If any contact occurs, you shall immediately leave the area of contact and report the contact to the probation officer.

You shall waive any confidentiality regarding sex offender treatment and allow the Probation Officer unrestricted access to monitor your treatment.

You shall not possess or have under your control any material that contains "sexually explicit conduct" or "child pornography" as defined in 18 U.S.C. § 2256 and (8) including photographs, images, books, writings, drawings, videos and electronic material.

You shall participate in a mental health treatment program and comply with the treatment regimen of your mental health provider.  The U.S. Probation Office shall administratively supervise your participation in the program by approving the program and monitoring your participation in the program.  You shall contribute to the costs of such treatment not to exceed an amount determined reasonable by the court approved "U.S. Probation Office's Sliding Scale for Services", and shall cooperate in securing any applicable third-party payment, such as insurance or Medicaid.

You are prohibited from possessing or using alcoholic beverages while participating in treatment such as mental health, sex offender, or substance abuse treatment.

You shall not have another individual access the internet on your behalf to obtain files or information that you are restricted from accessing yourself, or accepting files or information from another person.

You may only access email accounts, chat rooms, instant messaging services, social networking sites, peer-to-peer networks and/or other online environments via accounts pre-approved and authorized by the Probation Office.

You shall consent to third-party disclosure to any employer or potential employer, concerning the history, characteristics, criminal background or any computer related restrictions that have been imposed.

You shall submit to polygraph testing to determine if you are in compliance with the conditions of supervision and/or treatment program.  The US Probation Office shall administratively supervise your participation in the testing by approving the testing and monitoring your participation in the testing.  You shall contribute to the costs of such testing not to exceed an amount determined reasonable by the court-approved "US Probation Office's Sliding Scale for Services."

You shall submit your person, property, house, residence, vehicle, papers, computers (as defined by 18 U.S.C. § 1030(e)(1)), other electronic communications or data storage devices or media, or office, to a search conducted by a United States Probation Officer.  Failure to submit to a search may be grounds for revocation of release.  The Defendant shall warn any other occupants that the premises may be subject to searches pursuant to this condition.

You shall comply with the level (#3) restrictions of the Middle District of Georgia's Technology Access Program under the guidance and supervision of the U.S. Probation Office.  A copy of these restrictions will be included as an addendum to the Judgment and Commitment Order.

AO 245B  (Rev. 09/17) Judgment in a Criminal Case
         Sheet 5 — Criminal Monetary Penalties

Judgment — Page  6  of  7

DEFENDANT:      KENNETH VERNON HUTTO
CASE NUMBER:    7:18-CR-00007-HL-TQL(1)

# CRIMINAL MONETARY PENALTIES

The defendant must pay the total criminal monetary penalties under the schedule of payments on Sheet 6.

|        | **Assessment** | **JVTA Assessment*** | **Fine** | **Restitution** |
|--------|----------------|----------------------|----------|-----------------|
| **TOTALS** | $200.00    |                      |          |                 |
|        |                |                      |          |                 |

☐ The determination of restitution is deferred until    An *Amended Judgment in a Criminal Case (AO245C)* will be entered after such determination.

☐ The defendant must make restitution (including community restitution) to the following payees in the amount listed below.

If the defendant makes a partial payment, each payee shall receive an approximately proportioned payment. However, pursuant to 18 U.S.C. § 3664(i), all nonfederal victims must be paid before the United States is paid.

☐ Restitution amount ordered pursuant to plea agreement $

☐ The defendant must pay interest on restitution and a fine of more than $2,500, unless the restitution or fine is paid in full before the fifteenth day after the date of the judgment, pursuant to 18 U.S.C. § 3612(f). All of the payment options on Sheet 6 may be subject to penalties for delinquency and default, pursuant to 18 U.S.C. § 3612(g).

☐ The court determined that the defendant does not have the ability to pay interest and it is ordered that:
  ☐ the interest requirement is waived for the     ☐ fine       ☐ restitution
  ☐ the interest requirement for the              ☐ fine       ☐ restitution is modified as follows:

\* Justice for Victims of Trafficking Act of 2015, Pub. L. No. 114-22
\*\* Findings for the total amount of losses are required under Chapters 109A, 110, 110A, and 113A of Title 18 for offenses committed on or after September 13, 1994, but before April 23, 1996.

AO 245B    (Rev. 09/17) Judgment in a Criminal Case
           Sheet 6 — Schedule of Payments

Judgment — Page 7 of 7

DEFENDANT: KENNETH VERNON HUTTO
CASE NUMBER: 7:18-CR-00007-HL-TQL(1)

## SCHEDULE OF PAYMENTS

Having assessed the defendant's ability to pay, payment of the total criminal monetary penalties is due as follows:

**A** ☐ Lump sum payment of $ _____ due immediately, balance due

  ☐ not later than _____ , or
  ☐ in accordance   ☐ C,   ☐ D,   ☐ E, or   ☐ F below; or

**B** ☒ Payment to begin immediately (may be combined with   ☐ C,   ☐ D, or   ☒ F below); or

**C** ☐ Payment in equal _____ (e.g., weekly, monthly, quarterly) installments of $ _____ over a period of _____ (e.g., months or years), to commence _____ (e.g., 30 or 60 days) after the date of this judgment; or

**D** ☐ Payment in equal _____ (e.g., weekly, monthly, quarterly) installments of $ _____ over a period of _____ (e.g., months or years), to commence _____ (e.g., 30 or 60 days) after release from imprisonment to a term of supervision; or

**E** ☐ Payment during the term of supervised release will commence within _____ (e.g., 30 or 60 days) after release from imprisonment. The court will set the payment plan based on an assessment of the defendant's ability to pay at that time; or

**F** ☒ Special instructions regarding the payment of criminal monetary penalties:

Any criminal monetary penalty ordered by the court shall be due and payable in full immediately. Present and future Assets are subject to enforcement and may be included in the treasury offset program allowing qualified federal benefits to be applied to the balance of criminal monetary penalties.

Payment during the term of supervised release will commence within 60 days after release from imprisonment. The court will set the payment plan based on an assessment of the defendant's ability to pay at that time. (fine/restitution) payment shall be due during the period of imprisonment at the rate of not less than $25 per quarter and pursuant to the bureau of prisons' financial responsibility program. The value of any future assets may be applied to offset the balance of criminal monetary penalties. The defendant may be included in the treasury offset program, allowing qualified benefits to be applied to offset the balance of any criminal monetary penalties.

Unless the court has expressly ordered otherwise, if this judgment imposes imprisonment, payment of criminal monetary penalties is due during imprisonment. All criminal monetary penalties, except those payments made through the Federal Bureau of Prisons' Inmate Financial Responsibility Program, are made to the clerk of the court.

The defendant shall receive credit for all payments previously made toward any criminal monetary penalties imposed.

☐ Joint and Several

  Defendant and Co-Defendant Names and Case Numbers (including defendant number), Total Amount, Joint and Several Amount, and corresponding payee, if appropriate.

☐ The defendant shall pay the cost of prosecution.

☐ The defendant shall pay the following court cost(s):

☐ The defendant shall forfeit the defendant's interest in the following property to the United States:

Payments shall be applied in the following order: (1) assessment, (2) restitution principal, (3) restitution interest, (4) fine principal, (5) fine interest, (6) community restitution, (7) penalties, and (8) costs, including cost of prosecution and court costs.