IN THE UNITED STATES DISTRICT COURT
FOR THE MIDDLE DISTRICT OF GEORGIA
VALDOSTA DIVISION

| | |
|---|---|
| UNITED STATES, | : |
| v. | : CASE NO.: 7:18-cr-7 (WLS) |
| KENNETH VERNON HUTTO, | : |
| Defendant. | : |

# ORDER

On December 30, 2021 Defendant filed an Unopposed Motion to Appear at Sentencing via Video-Teleconference. (Doc. 93.) Therein, Defense Counsel showed good cause to conduct Defendant's sentencing via video-teleconference teleconference as Defendant had fallen and fractured several vertebrae in his neck in January 2021, while in custody of the Bureau of Prisons.[1] (*Id.*, at 2.)

On January 5, 2022 this Court entered an Order (Doc. 94) directing Defense Counsel to have Defendant file a written waiver of his right to appear in person at his sentencing hearing. Defendant filed that written waiver on January 11, 2022. (Doc. 97.) On January 12, 2022 this Court entered an Amended Order (Doc. 99) granting Defendant's Unopposed Motion to Appear at Sentencing via Video-Teleconference. (Doc. 93.)

The Court upon further review of Defendant's waiver, however, notes that Defense Counsel did not provide Defendant with the correct waiver form. (Doc. 97-1.) The form that Defendant signed cites Rule 5 of the Federal Rules of Criminal Procedure, which governs initial appearances. Accordingly, this Court finds that its Order granting Defendant's Motion to Appear at Sentencing via Video-Teleconference (Doc. 93) was in error and the January 12, 2022 Amended Order is **VACATED**.

---

[1] Since then, Defendant has undergone spinal surgery and continues to receive treatment and rehabilitative services for his fractured spine at the Lexington Federal Medical Center in Lexington, Kentucky. (*Id.*) Defendant is currently wheelchair-bound and requires assistance to do anything that takes him out of his wheelchair, including going to the bathroom. (*Id.*)

1

Additionally, the Court notes that the prior standing order – United States District Court for the Middle District of Georgia's *Standing Order 2020-03* – which permitted waiver of in-person proceedings under certain circumstances is no longer in effect. Due to the Defendant's clear Constitutional right to appear in person at his sentencing, a critical proceeding, this Court has its doubts as to whether Defendant's presence can be waived. The issue may more properly be addressed as whether the Defendant is available for sentencing. The most appropriate and legal action may be to continue Defendant's sentencing until his medical status stabilizes and permits his appearance in Court in person. If Defendant continues to wish to waive his personal appearance, Defense Counsel must provide the Court with citations to the relevant binding legal authorities. Otherwise, Defense Counsel should move to continue Defendant's sentencing until such time as Defendant's medical status permits his in-person appearance.

**SO ORDERED**, this  18th   day of January 2022.

> /s/ W. Louis Sands
> **W. LOUIS SANDS, SR. JUDGE**
> **UNITED STATES DISTRICT COURT**