# IN THE UNITED STATES DISTRICT COURT
# FOR THE MIDDLE DISTRICT OF GEORGIA
# VALDOSTA DIVISION

| | | |
|---|---|---|
| UNITED STATES, | : | |
| | : | |
| v. | : | CASE NO.: 7:18-cr-7 (WLS) |
| | : | |
| KENNETH VERNON HUTTO, | : | |
| | : | |
| Defendant. | : | |
| | : | |

## ORDER

On December 30, 2021, Defendant filed a Motion to Conduct Sentencing Hearing Via Video Teleconference. (Doc. 93.) Therein, Defense Counsel showed that Defendant fell and fractured several vertebrae in his neck in January 2021, while in custody of the Bureau of Prisons. (*Id.*, at 2.) Since then, Defendant has undergone spinal surgery and continues to receive treatment and rehabilitative services for his fractured spine at the Lexington Federal Medical Center in Lexington, Kentucky. (*Id.*) Defendant is currently "confined to a wheelchair as a result of cauda equina syndrome resulting in paraplegia." (Doc. 103-1.)

While this Court initially entered an Order (Doc. 99) on January 12, 2022 granting Defendant's Motion (Doc. 93), the Court later determined the January 12, 2022 Order to be in error based on the existing record and entered an Order (Doc. 101) vacating it. The reason that the Court determined the January 12, 2022 Order (Doc. 99) to be in error is that the Court had its doubts as to whether the Defendant's clear Constitutional right to appear in person at his sentencing, a critical proceeding, could be voluntarily waived as a general matter. For this reason, on January 20, 2022 this Court entered an Order (Doc. 102) continuing Defendant's sentencing hearing until such time as the Defendant's medical status permitted him to appear in person, or Defense Counsel provided the Court with relevant binding legal authority that would authorize this Court to conduct Defendant's sentencing via video-teleconference. Defendant filed their Response (Doc. 103) on February 14, 2022, which included relevant legal citations as well as a diagnosis and prognosis from Defendant's treating physician. (Doc. 103-1.)

In Defense Counsel's Response, Defense Counsel acknowledges that there is no binding authority, which is directly on point, as to the question of whether a Defendant's presence at their sentencing hearing can be voluntarily waived for medical reasons.[1] (Doc. 103 at 2.) Defense Counsel contends, however, that Federal Rule of Criminal Procedure 43(c)(1)(B) permits this Court to conduct Defendant's sentencing via video-teleconference. Fed. R. Cr. P. 43(c)(1)(B) provides in relevant part that "[a] defendant who was initially present at trial, or who has pleaded guilty or nolo contendere, waives the right to be present … in a noncapital case, when the defendant is voluntarily absent during sentencing." While it is true that this is a noncapital case, and that Defendant has voluntarily waived his right to be present at his sentencing hearing (Doc. 92-1) the Court finds that Fed. R. Cr. P. 43(c)(1)(B) is inapplicable in the present case. Fed. R. Cr. P. 43(c)(1)(B) applies in those cases where a Defendant does not appear as ordered for their sentencing hearing, and this Court was unable to find a case in which it was used to voluntarily waive a Defendant's presence in favor of conducting a sentencing hearing via video-teleconference.

The Court also notes that Fed. R. Cr. P. 43(a)(3) provides that "the defendant must be present at … sentencing." While the United States Court of Appeals for the Eleventh Circuit has yet to address this issue, several appellate courts have previously held that the term "present" means physical presence in the same location as the judge and that as a result, video-teleconferencing does not satisfy Rule 43's requirement of presence. *See United States v. Torres-Palma*, 290 F.3d 1244, 1248 (10th Cir. 2002); *United States v. Lawrence*, 248 F.3d 300, 303-04 (4th Cir. 2001); *United States v. Navarro*, 169 F.3d 228, 235-39 (5th Cir. 1999).

In their Response (Doc. 103) Defense Counsel also directed the Court to the case of *United States v. Wright*, 342 F. Supp. 2d 1068 (M.D. AL 2004). *Wright* is a factually similar case, in which the defendant moved to have her sentencing conducted via video-teleconference due to medical conditions – diabetes, congenital heart failure and asthma – that made appearing in person uncomfortable, but possible *Id.*, at 1070. The District Court denied Wright's motion, because Wright "failed to provide any evidence that the conditions

---

[1] The Court notes for the purposes of the record that whether a Defendant can waive their constitutional right to be present at their sentencing hearing for medical reasons in favor of conducting the sentencing via video-teleconference is an issue of first impression before this Court.

2

surrounding her sentencing would endanger her medical health" and "'good cause' must be shown when a defendant seeks to waive [their] presence at sentencing." *Id.*, at 1070.

This Court concurs with the reasoning of the court in *Wright* and finds that the Defendant has not provided this Court with good cause to conduct Defendant's sentencing via video-teleconference. Defendant has not provided this Court with good cause, because according to Defendant's treating physician, Defendant "is capable of being transported [to the Middle District of Georgia] without making his condition worse." (Doc. 103-1.) While the Court acknowledges that it may be uncomfortable for the Defendant to travel to the Middle District of Georgia from Lexington, Kentucky for his resentencing (Doc. 103 at 3) the proposed travel arrangements do not present a danger to Defendant's medical health which would possibly constitute good cause justifying the Defendant's voluntary absence from sentencing.

Accordingly, as the Defendant has not provided this Court with evidence that appearing at sentencing would endanger Defendant's medical health, the Defendant will be required to appear in person at his sentencing hearing. A new sentencing date will be set for Defendant's sentencing.

**SO ORDERED**, this 17th day of February 2022.

/s/ W. Louis Sands
**W. LOUIS SANDS, SR. JUDGE
UNITED STATES DISTRICT COURT**