**IN THE UNITED STATES DISTRICT COURT**
**FOR THE MIDDLE DISTRICT OF GEORGIA**
**VALDOSTA DIVISION**

|  |  |  |
|---|---|---|
| UNITED STATES, | : | |
| | : | |
| v. | : | CASE NO.: 7:18-cr-7 (WLS) |
| | : | |
| KENNETH VERNON HUTTO, | : | |
| | : | |
| Defendant. | : | |
| | : | |

## ORDER

On December 30, 2021, Defendant filed a Motion to Conduct Sentencing Hearing Via Video Teleconference. (Doc. 93.) Therein, Defense Counsel showed that Defendant fell and fractured several vertebrae in his neck in January 2021, while in custody of the Bureau of Prisons. (*Id.*, at 2.) Since then, Defendant has undergone spinal surgery and continues to receive treatment and rehabilitative services for his fractured spine at the Lexington Federal Medical Center in Lexington, Kentucky. (*Id.*) Defendant is currently "confined to a wheelchair as a result of cauda equina syndrome resulting in paraplegia." (Doc. 103-1.)

While this Court initially entered an Order (Doc. 99) on January 12, 2022, granting Defendant's Motion (Doc. 93), the Court later determined the January 12, 2022 Order to be in error based on the existing record and entered an Order (Doc. 101) vacating it. After reviewing Defendant's Brief (Doc. 103) addressing the issue of whether a Defendant's in-person appearance could be waived at a sentencing hearing, this Court entered an Order (Doc. 104) denying Defendant's Motion to Conduct Sentencing Hearing Via Video Teleconference. (Doc. 93.) The reason that this Court denied Defendant's Motion was that the Court had its doubts as to whether the Defendant's clear Constitutional right to appear in person at his sentencing, a critical proceeding, could be voluntarily waived as a general matter absent good cause.[1]

---

[1] The Court notes for the purposes of the record that initially Defendant failed to provide this Court with good cause to conduct his sentencing hearing via videoconference. Defendant failed to provide this Court with good cause, because according to Defendant's treating physician, Defendant "is capable of being transported [to the Middle District of Georgia] without making his condition worse." (Doc. 103-1.)

On August 18, 2022, the United States Marshall's Office advised the Court that safely transporting Defendant to the Middle District of Georgia, in the manner prescribed by Defendant's treating physician, would require additional expense and potentially endanger the public and possibly Defendant due to his medical condition and requirements. The Court was specifically advised that Defendant would need to be transported by commercial airline, and that due to Defendant's size and condition, multiple United States Marshalls would be required to accompany him. Based on the United States Marshall's stated reasons the Court believes that good cause may exist to conduct Defendant's sentencing hearing via videoconference.

In order to complete the record and ensure that Defendant is fully aware of the Constitutional right that he is about to waive, the Court hereby **ORDERS** that Defendant's sentencing hearing, which is currently scheduled to take place on August 30, 2022, at 11:00am be **CANCELLED**. The Court shall schedule a video conference by separate notice. At the video conference Defendant shall have the ability to speak privately with Counsel. At the conference the Court shall re-affirm Defendant's desire to waive his right to appear in person at sentencing and perfect the record as why good cause exists to conduct Defendant's sentencing via videoconference. Defendant's sentencing hearing shall be held after Defendant's waiver of his right, if any, to appear in person is confirmed. The Clerk of the Court is **DIRECTED** to forward a copy of this Order on the United States Marshall's Office.

**SO ORDERED**, this 19th day of August 2022.

/s/ W. Louis Sands
**W. LOUIS SANDS, SR. JUDGE**
**UNITED STATES DISTRICT COURT**