IN THE UNITED STATES DISTRICT COURT
FOR THE MIDDLE DISTRICT OF GEORGIA
VALDOSTA DIVISION

| | | |
|---|---|---|
| UNITED STATES, | : | |
| | : | |
| v. | : | CASE NO.: 7:18-cr-7 (WLS) |
| | : | |
| KENNETH VERNON HUTTO, | : | |
| | : | |
| Defendant. | : | |
| | : | |

**ORDER**

On December 30, 2021, Defendant filed a Motion to Conduct Sentencing Hearing Via Video Teleconference. (Doc. 93.) Defendant moved to conduct his sentencing hearing via video teleconference as Defendant had fallen and fractured several vertebrae in his neck in January 2021, while in custody of the Bureau of Prisons. (*Id.*, at 2.) On January 5, 2022, this Court ordered Defendant to file a written waiver of his right to appear at his sentencing hearing. (Doc. 94.) Defendant timely filed a Response, which included as an attachment a waiver of Defendant's right to appear in person. (Doc. 97-1.)

On January 12, 2022, this Court entered an Order (Doc. 98) granting Defendant's Motion to Appear at Sentencing Via Video Teleconference. (Doc. 93.) The Court later vacated that Order, after determining it to be in error, as Defendant's written waiver cited Federal Rule of Criminal Procedure 5, which governs initial appearances. (Doc. 101.) In that Order the Court instructed Defendant to provide the Court with relevant binding legal authority if the Defendant wished to waive his personal appearance. (*Id.*)

While Defendant subsequently submitted additional medical documentation of his injuries (Docs. 103 & 105) Defendant did not provide this Court with relevant binding legal authority that would permit Defendant to waive his personal appearance at sentencing. Accordingly, this Court determined that Defendant's in person presence would be required at sentencing and entered an Order for the United States Marshall's Service to provide the necessary accommodations noted by Defendant's physical therapists when Defendant was transported for sentencing. (Doc. 106.)

Several months later, on August 18, 2022, this Court was advised by the United States Marshall's Office that transporting Defendant to the Middle District of Georgia, in the manner prescribed by Defendant's treating physician, would potentially endanger the public and Defendant in light of his medical condition. Based on the Marshall's Office stated reasons, this Court entered an Order cancelling the in-person sentencing hearing that was set to take place on August 30, 2022. (Doc. 107.)

Defendant's sentencing is now scheduled to take place on Thursday, November 17, 2022. In order to ensure that Defendant is fully advised of the constitutional right he is about to waive, as well as to perfect the record, Defense Counsel is hereby **ORDERED** to immediately prepare a new waiver of Defendant's right to appear in person at his sentencing hearing, citing the correct legal authorities. That waiver can be presented at Defendant's sentencing hearing on November 17, 2022.

**SO ORDERED**, this 15th day of November 2022.

/s/ W. Louis Sands
**W. LOUIS SANDS, SR. JUDGE**
**UNITED STATES DISTRICT COURT**