**IN THE UNITED STATES DISTRICT COURT
FOR THE MIDDLE DISTRICT OF GEORGIA
VALDOSTA DIVISION**

| | |
|---|---|
| UNITED STATES, | : |
| | : |
| v. | : CASE NO.: 7:18-cr-7 (WLS) |
| | : |
| KENNETH VERNON HUTTO, | : |
| | : |
| Defendant. | : |
| | : |

## ORDER

A sentencing hearing was scheduled to take place, via video-teleconference, in this matter on November 17, 2022. (See Docket.) Prior to the hearing, the Court, in the exercise of its discretion, converted the hearing into a telephonic status conference. The Court converted the hearing into a telephonic status conference due to its concern that the record presently before the Court was inadequate to proceed in light of Defendant's clear constitutional right to be present at his sentencing hearing. Counsel for the Government and Defendant as well as the Defendant himself were present at the status conference.

After the Court explained its concerns regarding the inadequacy of the record presently before it considering the United States Court of Appeals for the Seventh Circuit's ruling in *United States v. Howell*, the Court permitted Counsel for the Government and Counsel for the Defendant to comment on the record. 24 F.4th 1138 (7th Cir. 2022).[1] After hearing from Counsel, the Court determined that the record presently before it was insufficient to permit Defendant to voluntarily waive his in-person presence pursuant to Rule 43(c)(1)(B), despite his desire to do so.

The record was insufficient, as Defendant has a clear constitutional right to appear in person at the sentencing hearing, and that right cannot be voluntarily waived under Rule 43(c)(1)(B) alone. In the present case, Defendant moves to waive his in-person presence considering his serious medical conditions and concern that without significant medical

---

[1] The Court notes for the purposes of the record that the *Howell* Court concluded that a Defendant could not voluntarily waive their in person presence, under Rule 43(c)(1)(B) alone, without also satisfying § 15002(b) of the CARES Act.

1

attention, Defendant cannot be transported to the Middle District of Georgia without worsening his medical condition.[2] (Doc. 93 at 2.) While the Court acknowledges Defendant's severe medical conditions and the complications they pose, the medical record presently before the Court is insufficient to justify waiver of Defendant's presence, despite his desire to do so. (See Docs. 100-1, 103-1 & 105-1.)

The medical record is insufficient to justify waiver of Defendant's in-person presence, as Defendant's treating physicians have not sufficiently explained the severity of Defendant's *cauda equina* syndrome that has resulted in paraplegia, what medication Defendant is taking for his chronic conditions, how transportation could affect Defendant's current condition and future prognosis and what accommodations Defendant would require to be safely transported. Furthermore, pursuant to a February 11, 2022, memorandum from Defendant's attending physician, Defendant "is capable of being transported without making his condition worse." (Doc. 103-1.) However, that memorandum (Doc. 103-1) and a supplemental memorandum from Defendant's physical therapist (Doc. 105-1) do not advise the Court on how Defendant can be transported to the Middle District of Georgia without making his condition worse. Rather they simply list some accommodations that Defendant should be provided.

For this Court to proceed with Defendant's request to conduct his sentencing via video-teleconference more information is required. The additional information that is required by the Court is further explanation as to the exact nature of Defendant's medical conditions, the seriousness of each listed medical condition, the foreseeable risks associated with travel as to each condition, a list of accommodations that would reasonably negate the risks of travel associated with each condition and a statement as to the substantialness of those accommodations. Accordingly, Defense Counsel is hereby **ORDERED** to consult with Defendant's treating physicians and file the physician's response(s) **as soon as possible but no later than thirty (30) days from the entry of this Order**.

After Defense Counsel files the treating physician's response(s), the Government is hereby **ORDERED** to confer with the United States Marshall's Office as to whether the

---

[2] The Court notes for the purposes of the record that Defendant has had multiple spinal surgeries over the course of his life and is currently confined to a wheelchair.

2

Marshall's Office can in fact accommodate Defendant's needs with regard to transportation and in the Middle District of Georgia. The Government is **ORDERED** to file its Response after consulting with the United States Marshall's Office **within twenty-one (21) days of the entry of Defendant's physician's response(s).** In the event that the Marshall's Office cannot accommodate Defendant's serious medical needs without unavoidably or unreasonably putting Defendant's health in jeopardy, the Court can thereafter find whether Defendant can waive his rights under Fed. R. Crim. P. 43(c)(1)(B).

The Court enters this Order to memorialize and clarify its instructions from the status conference.

**SO ORDERED**, this 18th day of November 2022.

/s/ W. Louis Sands
**W. LOUIS SANDS, SR. JUDGE**
**UNITED STATES DISTRICT COURT**