IN THE UNITED STATES DISTRICT COURT
FOR THE MIDDLE DISTRICT OF GEORGIA
VALDOSTA DIVISION

| | | |
|---|---|---|
| UNITED STATES, | : | |
| | : | |
| v. | : | CASE NO.: 7:18-cr-7 (WLS) |
| | : | |
| KENNETH VERNON HUTTO, | : | |
| | : | |
| Defendant. | : | |
| | : | |

## **ORDER**

On October 31, 2019, Defendant, Kenneth Vernon Hutto, was sentenced by the Honorable Judge Hugh Lawson to 120 months imprisonment to be followed by 20 years supervised release after pleading guilty to two counts of transportation for prostitution. (Doc. 57.) Defendant subsequently appealed (Doc. 60) and the United States Court of Appeals for the Eleventh Circuit vacated, remanded, and reassigned this matter to undersigned upon finding that the Government had breached the plea agreement – and failed to cure – by failing to recommend that Defendant receive an acceptance of responsibility reduction. (Doc. 73.)

This Court subsequently entered an Order for the Parties to file briefs outlining and discussing any outstanding issues and arguments expected to be raised at this Court's sentencing hearing, which was initially set for July 28, 2021. (Doc. 77.) Defense Counsel timely responded and moved to continue the July 28, 2021 sentencing hearing. (Doc. 78.) Defense Counsel moved to continue the July 28, 2021, sentencing hearing because Defense Counsel required additional time to procure records relating to an incident that occurred during the pendency of Defendant's appeal, in which Defendant fell in the shower fracturing multiple vertebrae in his neck. (Doc. 78.) This Court found good cause to grant Defendant's Motion and reset Defendant's sentencing for September 1, 2021. (Doc. 79.) Defendant's September 1, 2021, sentencing hearing was subsequently continued by this Court to a later date in order to permit adequate time for briefing on any outstanding issues expected to be raised. (Doc. 81.)

After briefing on the outstanding issues expected to be raised at the sentencing hearing was completed, Defendant moved to appear at his sentencing hearing via video teleconference. (Doc. 93.) Defendant moved to appear telephonically in light of the injuries he sustained during his fall in January 2021, while in the custody of the Bureau of Prisons, which required spinal surgery and housing in a special Federal Medical Center located in Lexington Kentucky. (Doc. 93.) It was Defendant's position that a video teleconference sentencing hearing was appropriate as transporting Defendant would be dangerous to his physical health. (Doc. 93.) At the Court's direction Defendant subsequently filed a written waiver of his right to appear in person. (Docs. 94 & 97.)

Based on that waiver, this Court subsequently entered an Order granting Defendant's Motion to appear at sentencing via video teleconference on January 12, 2022. (Docs. 93 & 98.) The Court subsequently determined the January 12, 2022, Order to be in error, based on the record before it and in light of Defendant's clear Constitutional right to appear in person at his sentencing, and entered an Order on January 18, 2022, vacating it. (Doc. 101.) The Court also entered an Order continuing Defendant's rescheduled Sentencing Hearing from January 19, 2022, until such time as Defendant's medical condition stabilized sufficiently for him to be transported to the Middle District of Georgia or Defense Counsel provided this Court with citations to relevant binding legal authorities that would permit Defendant's sentencing to be conducted via video teleconference. (Doc. 102.)

Defense Counsel filed a Response on February 14, 2022, which cited relevant authority but conceded that there was no authority for whether a Defendant's presence at their sentencing hearing could be voluntarily waived for medical reasons. (Doc. 103.) Included within that response was a Memorandum from Defendant's attending physician, Carlos Martinez, indicating that Defendant "is capable of being transported [to the Middle District of Georgia] without making his condition worse." (Doc. 103-1.) Based on that memorandum this Court found that good cause did not exist that would justify conducting Defendant's sentencing via video teleconference and that his in person attendance would be required. (Doc. 104.) Defendant's sentencing hearing was accordingly reset to August 30, 2022.

Prior to that sentencing hearing, on August 18, 2022, the United States Marshall's Office advised the Court that transporting Defendant to the Middle District of Georgia, in the manner prescribed by Defendant's treating physician, would require additional expense and potentially endanger the public and possibly Defendant considering Defendant's medical condition and requirements. Based on the Marshall Office's stated reasons, this Court continued the August 30, 2022 sentencing hearing and advised the Parties that a video conference would be scheduled by separate notice.

That video conference took place on November 17, 2022. (See Docket.) Counsel for the Government and Defendant as well as the Defendant himself were present at the status conference. After the Court explained its concerns regarding holding Defendant's sentencing via video teleconference, considering the United States Court of Appeals for the Seventh Circuit's ruling in *United States v. Howell*, the Court permitted Counsel for the Government and Counsel for the Defendant to comment on the record. 24 F.4th 1138 (7th Cir. 2022).[1] After hearing from Counsel, the Court determined that the record presently before it was insufficient to permit Defendant to voluntarily waive his in-person presence pursuant to Rule 43(c)(1)(B), despite his desire to do so.

The record was insufficient, as Defendant has a clear constitutional right to appear in person at the sentencing hearing, and that right cannot be voluntarily waived under Rule 43(c)(1)(B) alone. In the present case, Defendant moves to waive his in-person presence considering his serious medical conditions and concern that without significant medical attention, Defendant cannot be transported to the Middle District of Georgia without worsening his medical condition.[2] (Doc. 93 at 2.) While the Court acknowledged Defendant's severe medical conditions and the complications they posed, the medical record presently before the Court was insufficient to justify waiver of Defendant's presence, despite his desire to do so. (See Docs. 100-1, 103-1 & 105-1.) Accordingly, this Court directed Defense Counsel to consult with Defendant's treating physicians and acquire further

---

[1] The Court notes for the purposes of the record that the *Howell* Court concluded that a Defendant could not voluntarily waive their in person presence, under Rule 43(c)(1)(B) alone, without also satisfying § 15002(b) of the CARES Act.

[2] The Court notes for the purposes of the record that Defendant has had multiple spinal surgeries over the course of his life and is currently confined to a wheelchair.

3

explanation as to the exact nature of Defendant's medical conditions, the seriousness of each listed medical condition, the foreseeable risks associated with travel as to each condition, a list of accommodations that would reasonably negate the risks of travel associated with each condition and a statement as to the substantialness of those accommodations. (Doc. 115.) The Government was also Ordered to confer with the United States Marshall's Office to determine whether the Marshall's Office could in fact accommodate Defendant's needs with regard to transportation and in the Middle District of Georgia.

The Parties filed their Responses on December 22, 2022, and December 28, 2022, respectively. (Docs. 117, 118 & 119.) Based on Defendant's Responses (Docs. 117 & 118), this Court finds good cause to **GRANT** Defendant's Motion to Appear at Sentencing via Video Teleconference. (Doc. 93.) Good cause exists to grant Defendant's Motion (Doc. 93), because there is no Federal Medical Center or federal prison hospital in the State of Georgia, or local law enforcement facility that has the type of bed that Defendant requires. (Docs. 117 & 118.)

In addition, the Court also finds that Defendant has satisfied the requirements of § 15002(b) of the CARES Act, which further supports conducting Defendant's sentencing hearing via video teleconference. The CARES act permits federal Courts to conduct sentencing hearings by videoconference if four requirements are met. First, the Judicial Conference of the United States finds that Covid-19 will materially affect the functioning of federal courts. Second, the chief judge of the district court must find that felony sentencings cannot be held in person without seriously jeopardizing public health and safety. Third, the presiding district judge must find that a particular case calls for use of video teleconferencing at sentencing rather than further delay. Finally, the Defendant must consent to proceed by video teleconference after consulting with counsel. *See* § 15002(b)(2) & (4).

In the present case all four of those requirements have been met. The Judicial Conference has previously found that Covid-19 would materially affect the functioning of federal courts. The chief judge of the Middle District of Georgia, the Honorable Marc Treadwell, extended the Cares Act authority in this district on October 19, 2022. This Court finds that this particular case calls for the use of video teleconferencing at sentencing rather than further delay in light of Defendant's medical condition, which includes multiple

additional risk factors for Covid-19 which would place Defendant and the public at risk if he was required to travel through multiple airports, as well as the fact that Defendant Hutto has already served more time than the bottom end of the guidelines range if Defendant's objections are sustained. (Doc. 117.) And finally, Defendant has consented to proceed by video teleconference after consulting with counsel as evidenced by his two written waivers. (Docs. 97 & 111.)

Accordingly, for good cause shown and because Defendant has satisfied the requirements of § 15002(b) of the CARES Act, this Court finds that Defendant has waived his right to appear in person at his sentencing hearing in favor of appearing via video teleconference. Accordingly, Defendant's Motion to Appear at Sentencing Via Video Conference (Doc. 93) is **GRANTED**. The Court shall schedule a sentencing hearing by separate notice.

**SO ORDERED**, this 4th day of January 2023.

/s/ W. Louis Sands
**W. LOUIS SANDS, SR. JUDGE**
**UNITED STATES DISTRICT COURT**