**IN THE UNITED STATES DISTRICT COURT**
**FOR THE MIDDLE DISTRICT OF GEORGIA**
**VALDOSTA DIVISION**

| | |
|---|---|
| UNITED STATES OF AMERICA, : | |
| : | |
| v. : | CASE NO.: 7:18-CR-7 (WLS-ALS) |
| : | |
| KENNETH VERNON HUTTO, : | |
| : | |
| Defendant. : | |
| : | |

## ORDER

On February 20, 2025, the Court held a hearing on the United States Probation Office's ("USPO") Amended Petition ("the Petition") (Doc. 145) to revoke Defendant Kenneth Hutto's ("Defendant") supervised release. This Order memorializes that hearing.

Previously, Defendant pleaded guilty to two counts of Transportation for Prostitution in violation of 18 U.S.C. § 2421(a). (*See* Docs. 40–45). For these offenses, Defendant was sentenced to a total term of seventy-eight (78) months to be followed by a period of supervised release of twenty (20) years. Defendant's supervised release began on July 21, 2023. (Doc. 145 at 1). On October 1, 2024, USPO filed the Amended Petition (Doc. 145). The Petition alleges that Defendant violated the conditions of his supervised release on fourteen (14) occasions.

At the revocation hearing held on February 20, 2025, Defense Counsel acknowledged that Defendant had been provided with a copy of the Petition for revocation and that Defendant had reviewed it with Counsel. The Court advised Defendant of his rights to a hearing on the allegations, in which the Government would be required to prove the allegations by a preponderance of the evidence; to present evidence in his defense; and to testify. Defendant was also advised that he was not required to testify or present a defense and whether he would testify was his decision—all of which Defendant acknowledged he understood. The Court also confirmed from Defendant that he had received the Petition (Doc. 145) and Revocation Report (Doc. 157) and reviewed them. Defendant stated that he had spoken to Counsel and wished to stipulate to the alleged

1

violations. The Court also found that Defendant's waiver of a hearing on the Petition was freely, knowingly, and voluntarily done.

Because Defendant stipulated to all fourteen (14) alleged violations, the Court found that the violations in the Petition had been established by a preponderance of the evidence. The Court then declared Defendant's supervised release revoked.[1] Once the violations had been established, the Court heard from the Government and Defense Counsel and Defendant himself. Neither Defendant nor the Government objected to the Revocation Report.

The Court determined Defendant's U.S. Sentencing Guidelines range to be 24 months based on Defendant's most serious Grade A violation, and a Criminal History Category of IV. Based on the totality of circumstances in this case and the factors found at 18 U.S.C. §§ 3553(a) and 3583(e), the Court sentenced Defendant to twenty-four (24) months, to be followed by a period of supervised release of twenty (20) years.

For the aforementioned reasons, the Petition (Doc. 145) is **GRANTED**, and Defendant's term of supervised release is **REVOKED**. Defendant is sentenced to twenty-four (24) months of imprisonment, in the custody of the Bureau of Prisons to be followed by a period of supervised release of twenty (20) years.

**SO ORDERED**, this 3rd day of March 2025.

/s/ W. Louis Sands
**W. LOUIS SANDS, SR. JUDGE**
**UNITED STATES DISTRICT COURT**

---

[1] "Due process requires that the court state 'the evidence relied on and reasons for revoking [supervised release.'" *United States v. Dees*, 452 F. App'x 929, 931 (11th Cir. 2012) (quoting *United States v. Cope*land, 20 F.3d 412, 414 (11th Cir. 1994)). "This requirement is satisfied when the record is 'sufficiently complete to advise the parties and the reviewing court of the reasons for the revocation of supervised release and the evidence the decision maker relied upon.'" *Id.* (citations omitted).